I must respectfully dissent from the majority as I would affirm the trial court's determination that the appellant be classified as a sexual predator pursuant to the statutory guidelines found in R.C. 2950.09, as I believe that the majority decision misapplies the applicable clear and convincing standard of review governing our review of this case and in so doing substitutes its judgment for that of the trial court.
The appellant was indicted on multiple counts of rape and gross sexual imposition, all involving minor victims, in June of 1984. The appellant plead guilty to one count of rape involving a juvenile on October 1, 1984. The appellant received a mandatory sentence of fifteen years to life imprisonment. On April 21, 1999, the prosecutor's office filed a request that the appellant be adjudicated as a sexual predator with the trial court. The request was based on a recommendation from the Ohio Department of Rehabilitation and Corrections.
The trial court held a sexual predator adjudication hearing on May 26, 1999. The appellant testified on his own behalf at this hearing. In the course of his testimony, the appellant disputed that he had a predilection to act in a sexual nature towards young children.
Subsequent to the hearing, the trial court determined that the appellant should be classified as a sexual predator because it found by clear and convincing evidence that defendant is likely to engage in the future in one or more sexually oriented offenses throughout his numerous activities with these two young girls, one six and one twelve. The majority concludes that this finding was in error as they contend that there was insufficient evidence as a matter of law to support the trial court's determination.
Although the majority's recitation of facts, such as it is, is generally accurate, I feel it necessary to supplement the relevant facts of this case.
The majority correctly points out that the appellant had sexual contact with each of his victims on more than one occasion. In fact the appellant had sexual contact with his victims on dozens of occasions and in so doing violated the trust that was bestowed upon him as a caretaker. These incidents occurred when the girls' mother was at work and the appellant would stay at home to watch the children.
The evidence considered by the court in making its determination included the appellant's own written confession provided to the police at the time of his arrest. In this confession the appellant admitted to sexually molesting the six-year-old and twelve-year-old daughters of his live-in girlfriend while they were residing in North Olmsted, Ohio. The appellant stated he had directed the six-year-old to apply cream to his exposed penis while he was completely naked on two separate occasions and that, while she was nude, he powdered her because of her rough skin condition on several occasions.
The appellant's sexual intimacy with his twelve-year-old victim was much more involved. The appellant admitted that he would often lounge around the house entirely naked while the girls' mother was at work, purportedly because he was hot. The appellant assumed that the twelve-year-old would also want to be naked, so he would instruct her to completely disrobe so that she would be comfortable. The appellant stated that on one such occasion when they were both nude, he and the twelve-year-old started out just wrestling around until the young girl ended up sitting astride the appellant in a position where her vagina was rubbing against the appellant's penis. The appellant at this point began fondling and sucking on the girl's breast. This pattern of behavior repeated itself on several occasions.
The appellant also admitted to incidents where he performed oral sex on the twelve-year-old and incidents when he would place his penis in her mouth. According to the appellant's statement to police, he placed his mouth on the twelve-year-old's breasts about three, four, or five times, he put his mouth to her vagina twice * * * maybe a third time, and he placed his penis in her mouth three or four times.
Throughout his statement, the appellant gives the impression that his sexual behavior with a six-year-old girl and a twelve-year-old girl was consensual in nature. The appellant concluded his statement to police by stating I never once forced either girl to do anything against their will.
The appellant has repeatedly blamed his attraction to children on not having a full enough sex life with his live-in lover, the girls' mother, and to the long hours he kept at his job during the time that he was molesting his victims. The majority accepts these dubious excuses on their face. The majority opinion states that:
 Krueger testified that he would not allow himself to be placed in a position similar to the one in which he committed the rapes in 1984. He blamed the stress of his job and lack of sexual contact with his girlfriend for contributing to his actions in 1984, because the combination of circumstances weakened his resolve. (Emphasis added.)
There is no explanation whatsoever given by the majority as to how the appellant plans to ensure that he finds stress-free employment and a rewarding relationship with a consenting adult so that he is no longer tempted to force himself on young girls. A normal, functioning adult need not worry about a weakening of resolve in order to not act out sexually with children during times of stress. The appellant's patently self-serving and environmentally dependent excuses for his behavior actually underscore the trial court's determination that the appellant is more likely than not to commit a sex offense in the future. As the trial court stated in making its finding:
 Defendant's own statements throughout this file show that he knew each time it was wrong but that he couldn't help himself from doing it. He also showed that he had two marriages with women as well as I believe two or three live-in situations or deep relationships with women, and still gravitated toward the prepubescent child as his form of sexual gratification.
In addition to the appellant's written statement, which was introduced as an exhibit at the sexual predator hearing, the trial court also considered a psychiatric profile of the appellant prepared in conjunction with his original sentencing, which concluded that appellant suffered from a psychiatric disorder, Pedophilia, with a classically inadequate and dependent personality structure.
The victims' own statements as to the incidents in question contradict the appellant's assertion that he never used force in order to get the girls to acquiesce to his sexual advances. The twelve-year-old victim stated that the appellant repeatedly forced her head down and held it in place while inserting his penis into her mouth and that he also attempted to penetrate her with his penis, but was unsuccessful because she moved. Additionally, the twelve-year-old stated that the appellant told her that, although she was too young for intercourse, they could start having intercourse once she turned fifteen.
In State v. Ward, supra, this court stated that in making a determination as to whether an offender is likely to commit a sexually oriented offense in the future, a court must decide whether there exists proof that produces a firm belief of conviction that an offender will more likely than not commit another sex offense in the future. This court has repeatedly held that War d does not stand for the proposition that an offender cannot be adjudicated a sexual predator merely because he does not have a history of prior sexual offenses. See, e.g., State v. Hart (Mar. 18, 1999), Cuyahoga App. No. 73307, unreported; State v. Senyak (Feb. 11, 1999), Cuyahoga App. No. 72611, unreported. This court in Hart stated the law permits the adjudication of an individual as a sexual predator based solely on one conviction for a sexual offense and consideration of factors set forth in R.C. 2950.09(B)(2).
The majority writes that Ward does not stand for the proposition of one strike and you're out as it relates to sexual predator classifications. It bears noting that neither does Ward nor R.C. 2905.09 stand for the proposition that sexual offenders are entitled to one free bite before they may be classified as a sexual predator. Offender's prior convictions standing alone may be clear and convincing evidence that offender is likely to engage in the future in one or more sexually oriented offenses for purposes of sexual predator adjudication. State v. Ward, supra, paragraph three of the syllabus. Furthermore, it is undisputed from the record, and the appellant herein concedes, that he did not commit a singular sexual offense, he committed dozens of sexual offenses with at least two victims, ages twelve and six. A trial court is duty bound to consider not only the conviction, but all the attendant inappropriate sexual activity.
The trial judge in the instant case was obviously very well acquainted with the appellant's record. The trial court stated that although it could not predict the future with certainty, it was apparent from the nature of the appellant's psychiatric disorder and his admitted inability to control his inappropriate behavior in the company of pre-pubescent girls, that he is apt to act on his deviant sexual urges again in the future if given the opportunity.
The trial court correctly noted that the best way to control the behavior of a person with clinically diagnosed pedophilia is to control his surroundings. The trial court then stated on the record that requiring the appellant to comply with the various reporting and notification provisions attendant to a sexual predator determination was the best way to control his environment and to protect the public from future criminal activity. I fail to comprehend the majority's taking issue with this common sense approach.
The majority's preoccupation with the trial court's off-the-cuff remark concerning the judge's belief that pedophilia is not a curable disorder is simply not relevant to the disposition of this case, given the volume of other evidence supporting the trial court's ruling.[4] Yet, the appellant was, in fact, diagnosed as a pedophile by a court employed mental health expert. The fact that the appellant completed some sexual offender treatment programs while in prison in no way tends to establish that the appellant is cured of his predilection for engaging in sexual behavior with very young children, as the majority opinion repeatedly suggests.
The trial court, as the finder of fact, was free to make reasonable inferences from the evidence before it. The trial court in this case obviously determined that the appellant's extensive sexual relations with children whom he was supervising as well his clinical diagnosis as a pedophile made it more likely than not that he would commit another sex offense in the future.[5] Having so determined, the trial court was obligated to classify the appellant as a sexual offender subject to the attendant notification requirements.
The tone of the majority's opinion suggests that the fact that the appellant was classified as pedophile should have been no more relevant to the ultimate determination of the case than his hair color or whether he is right or left handed. It is not clear from the majority decision whether the majority believes that the trial judge was similarly unqualified to interpret other evidence in the record such as the appellant's prior record or his PSI report, or whether expert testimony would also have been necessary in these areas.
Relevant evidence is any evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence. Evid.R. 401. Despite the majority's protestations to the contrary, the appellant's status as a pedophile is relevant to the determination of whether he should be classified as a sexual predator as more likely than not to commit future sex offenses and was properly considered by the trial court.
The trial court should not have been compelled to sua sponte provide its own psychiatric expert to explain to the court the ramifications of a diagnosis as a pedophile. Such a determination is well within the province of the trial court and should not be disturbed by this court absent an abuse of discretion. It is well established that expert testimony is not required in the course of a sexual predator hearing. See, e.g., State v. Harris (Apr. 22, 1999), Cuyahoga App. No. 72877, unreported; State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported. The majority ignores these holdings (expert assessment of the individual's current condition seems a basic component to the State's burden of producing clear and convincing evidence) and effectively imposes a new procedural requirement on trial courts conducting sexual predator hearings.
R.C. 2950.09(B)(2) provides a non-exhaustive list of relevant factors to be considered by the trial court in making a determination as to whether an offender is a sexual predator. These factors are as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In reaching its determination, the trial court properly considered these factors: specifically citing the age of the victims, the fact that there were multiple victims, the appellant's admission that he suffered from a mental disorder and the pattern of abuse demonstrated by the appellant's sexual conduct. A trial court need not articulate all of the reasons underlying its determination, but, rather, is only required to consider all relevant factors including the criteria in R.C. 2950.09(B)(2) in making its findings. State v. Ward, supra, citing State v. Cook (1998), 83 Ohio St.3d 404, 426.
The majority correctly cites State v. Jenks (1991), 61 Ohio St.3d 259, for the proposition that in addressing an assignment of error regarding the sufficiency of the evidence, the relevant inquiry is whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the elements * * * proven beyond a reasonable doubt. (Emphasis added.) The majority opinion does a disservice to the trial court's determination in finding that no rational trier of fact could have found that the appellant met the statutory criteria so as to be classified as a sexual predator given the evidence in this case.
I must also stress my concern with the majority's cavalier dismissal of prior opinions of this court, as well as numerous other courts throughout the state, as unfortunate, containing runaway quote[s] making unsupported, unchecked factual claims and penned by jurists who allow passion to outrun reason.
Given the age of the appellant's victims, the frequency with which he engaged in illicit sexual behavior with his victims, his position of authority over his victims, the diagnosis of pedophilia, the recommendation from the Ohio Department of Rehabilitation and Correction, the other factors under R.C. 2905(B)(2) cited by the trial court, and the appellant's continued refusal to fully accept responsibility for his reprehensible behavior, it cannot be said that the trial court committed error when it found by clear and convincing evidence that the appellant is more likely than not to commit another sex offense in the future. Indeed, if this particular defendant could not have been properly classified as a sexual predator, with his particularly egregious sexual offender history, it is difficult to conceive of circumstances where such a classification would be appropriate.
[4] The trial judge was apparently mistaken when she stated that [e]ven the most liberal social workers, psychiatrists, psychologists and others who work in the mental health arena are in agreement on pedophilia in terms of not being a curable disorder.
[5] The majority accuses the trial judge of citing her ex parte knowledge of psychiatric literature on pedophilia but simultaneously recognizes that numerous courts throughout Ohio and other jurisdictions have acknowledged overwhelming statistical evidence of recidivism rates among sex offenders who commit crimes against children in their opinions.